UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-00469-GW-SHK | Date: | May 9, 2019 |
| Title: | *Joseph DeMatteo v. Nancy A. Berryhill* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present      None Present

**Proceedings (IN CHAMBERS):** ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

    On March 8, 2018, Plaintiff Joseph DeMatteo ("Plaintiff") filed a Complaint seeking judicial review of a decision of the Commissioner of Social Security ("Defendant"). Electronic Case Filing Number ("ECF No.") 1, Complaint. On March 9, 2018, the Court issued its Case Management Order ("CMO") instructing the parties to file separate briefs regarding the issues on appeal. ECF No. 7, CMO. The Court ordered Plaintiff to file his memorandum in support of the Complaint within **35 days** from the filing of the Answer. Id. at 2. On December 3, 2018, Defendant filed its Answer along with the Certified Administrative Record. ECF No. 25, Answer; ECF No. 26, Certified Administrative Record. Therefore, Plaintiff's memorandum was due on January 7, 2019.

    After Plaintiff failed to timely file his memorandum in support of the Complaint as ordered, on March 27, 2019, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and follow Court orders. ECF No. 30, Order to Show Cause ("OSC"). The Court directed that Plaintiff would be deemed compliant with the OSC if he filed his memorandum by April 4, 2019. Id.

    On April 4, 2019, Plaintiff responded to the OSC, asserting that he was in an automobile accident that aggravated his previous injuries, and requesting "more time and clarification on matter(s) pertaining to [the] case at hand." ECF No. 31, Answer to OSC and Motion for Enlargement of Time ("Motion").

On April 17, 2019, the Court vacated its OSC and granted Plaintiff's motion for an enlargement of time, until May 2, 2019, to file his memorandum in support of the Complaint. ECF No. 32, Order Vacating OSC and Granting Motion. The Court expressly stated that "[a]s ordered in the CMO and OSC, Plaintiff is again Ordered to file a memorandum in support of his Complaint that states the legal and factual reasons that support Plaintiff's case." Id. at 2.

Plaintiff was also "warned that additional extensions of time w[ould] be granted sparingly and only for good cause shown; such as, but not limited to, an attorney filing a notice of appearance on Plaintiff's behalf and seeking an extension of time to prepare and file the memorandum on Plaintiff's behalf." Id. The Court further warned Plaintiff "that failure to comply with th[at] Order may result in the dismissal of the action for failure to prosecute and follow Court orders." Id.

Plaintiff has again failed to timely file a memorandum in support of the Complaint as ordered. Moreover, the Court notes that this is the sixth time it has granted Plaintiff the opportunity to continue litigating his claims despite his repeated failures to comply with Court orders. See ECF No. 8, OSC re: Proof of Service; ECF No. 14, Order to File Proof of Service; ECF No. 19, OSC re: Settlement Proposal; ECF No. 20, OSC re: CMO; ECF No. 30, OSC re: Plaintiff's Memorandum Brief.

Consequently, Plaintiff is again ordered to show cause, in writing, no later than May 23, 2019, why he has not complied with Court orders and why this case should not be dismissed under Local Rule 41-5 for failure to prosecute or follow Court orders. Plaintiff shall be deemed compliant with this OSC by filing his memorandum by **May 23, 2019**. Plaintiff is warned that failure to comply with the OSC **will** be deemed consent to the dismissal of this action for failure to prosecute and follow Court orders.

**IT IS SO ORDERED.**